# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10539
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2014

Lyle W. Cayce
Clerk

JUAN RODRIGUEZ,

Plaintiff–Appellant,

v.

GILES W. DALBY CORRECTIONAL FACILITY; DALBY INMATE TRUST ACCOUNT; DALBY ADMINISTRATION OFFICE; DALBY POST SERVICE; DALBY CORRECTIONAL FACILITY OFFICERS 1-100,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CV-10

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Rodriguez, federal prisoner # 43877-279, filed a purported 42 U.S.C. § 1983 civil rights action against the Giles W. Dalby Correctional Facility (Dalby C.F.) and some of its departments and employees. He alleged that the defendants acted unconstitutionally by failing to investigate properly the theft of a check he mailed to his family. The district court dismissed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action as frivolous because it failed to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.  We review de novo the district court's dismissal for failure to state a claim.  *See Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).  The action was properly dismissed if no relief could have been granted as a matter of law even if the plaintiff's factual allegations were accepted as true.  *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Section 1983 provides for an action against state but not federal actors. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc). *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), would provide the ground for an action against individual federal actors.   But because Dalby C.F. is a private facility, no *Bivens* action is available against either the prison or its employees.  *See Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

There is no support for Rodriguez's assertion that he may properly sue these defendants as "agents" of the Bureau of Prisons or the United States Postal Service.  *See Pollard*, 132 S. Ct. at 623-24.  His conclusional assertions do not state a constitutional claim or challenge the district court's ruling.  *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).  Because Rodriguez does not set forth any facts that would state a federal cause of action against the defendants, his complaint was properly dismissed.  *See Harris*, 198 F.3d at 156. The judgment is AFFIRMED.